UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.  5:22-CV-105-BJB

IN THE MATTER OF THE COMPLAINT OF
MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC,
AS OWNER *PRO HAC VICE* AND OPERATOR OF THE
M/V ST. BARTHOLOMEW, OFFICIAL NO. 1267552,
FOR EXONERATION FROM OR LIMITATION OF LIABILITY

---

COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY
(Electronically Filed)

---

COMES NOW the Limitation Plaintiff, Marquette Transportation Company Gulf-Inland, LLC, as owner *pro hac vice* and operator of the M/V ST. BARTHOLOMEW, Official No. 1267552, and, in support of its Complaint seeking exoneration from or limitation of liability, pursuant to 46 U.S.C. § 30501, *et seq.*, states as follows:

1. This action is brought pursuant to 46 U.S.C. § 30501, *et seq.*, commonly called the Limitation of Liability Act.

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE, and this Court has jurisdiction over these parties and this cause of action, and this matter is governed procedurally by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, FEDERAL RULES OF CIVIL PROCEDURE.

3. Jurisdiction exists in this action pursuant to the admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. § 1333, and the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*.

4.      Limitation Plaintiff, Marquette Transportation Company Gulf-Inland, LLC, at all relevant times, was and is a Delaware limited liability company, with its principal place of business in St. Rose, Louisiana.

5.      At all relevant times, Marquette Transportation Company Gulf-Inland, LLC was and is the owner *pro hac vice* and operator of the M/V ST. BARTHOLOMEW, Official No. 1267552.

6.      Prior to the voyage and incident that is the subject of this proceeding and at all relevant times, Limitation Plaintiff exercised due diligence to place and maintain the M/V ST. BARTHOLOMEW in a seaworthy condition in all respects, and the M/V ST. BARTHOLOMEW was in fact tight, staunch, strong, fully and properly equipped, and seaworthy in all respects, fit and proper for the service in which it was engaged at the time of the occurrence hereinafter described.

7.      On August 6, 2022, at approximately 2100 hours, the M/V ST. BARTHOLOMEW was travelling downstream on the Tennessee River near Saltillo, Tennessee, pushing a tow of 8 barges. The barges were situated in an "H" configuration, three barges long on the outer strings and two barges long on the center string of barges. The M/V ST. BARTHOLOMEW made up to the "notch" of the center string of barges.

8.      As the M/V ST. BARTHOLOMEW proceeded on the Tennessee River, two recreational crafts traveling upstream approached on a reciprocal course in single file and were on course to pass on the port side of the M/V ST. BARTHOLOMEW and tow. As the recreational crafts neared the head of the tow, at the very last moment and without warning, the second pleasure craft made an unexpected turn to port, pulling directly into the path of the oncoming tow.

9. Upon seeing the second pleasure craft take the turn to port in front of the tow, the captain of the M/V ST. BARTHOLOMEW immediately put his engines in reverse and sounded the horn. Despite these actions, the second pleasure craft struck a barge in the M/V ST. BARTHOLOMEW tow (the "Incident").

10. There were three persons on board the pleasure craft. Upon information and belief, all three persons were recovered and are deceased.

11. Immediately following this Incident, upon information and belief, the value of Limitation Plaintiff's interest in the M/V ST. BARTHOLOMEW was $4,000,000.00 United States Dollars (which may be plus or minus once a valuation has occurred), plus pending freight in the amount of $33,450.00 United States Dollars. Attached hereto as Exhibit 1 is a Declaration from Fred Budwine reflecting the value of said vessel at the time immediately following the Incident. Attached hereto as Exhibit 2 is a Declaration from Kendall Chauvin attesting to the amount of pending freight.

12. The M/V ST. BARTHOLOMEW has not been attached or arrested in any suit, nor has any suit been brought in connection with this matter.

13. Limitation Plaintiff believes that claims may be filed against the M/V ST. BARTHOLOMEW and the Limitation Plaintiff, although the Limitation Plaintiff was not at fault.

14. The above-described Incident, and all losses and damages resulting from it, were not caused by negligence on the part of Limitation Plaintiff, nor on the part of the M/V ST. BARTHOLOMEW itself, or any persons for whom Limitation Plaintiff was or is responsible, nor were there any unseaworthy conditions aboard the M/V ST. BARTHOLOMEW which caused or contributed to the Incident. Accordingly, Limitation

Plaintiff and the M/V ST. BARTHOLOMEW are each entitled to be exonerated from all liability for the Incident.

15. Additionally and/or alternatively, should there be a determination that the Incident occurred due to negligent or improper operation of the M/V ST. BARTHOLOMEW by its crew or an unseaworthy condition aboard said vessel, which Limitation Plaintiff denies, any such conduct or condition occurred and/or existed without any privity or knowledge of any officer, director or managing agent of Limitation Plaintiff and, for this reason, Limitation Plaintiff and the M/V ST. BARTHOLOMEW are entitled to limit their liability to the post-accident value of the M/V ST. BARTHOLOMEW pursuant to 46 U.S.C. § 30501, *et seq*.

16. Subject to a formal appraisal of Limitation Plaintiff's interest in the M/V ST. BARTHOLOMEW, Limitation Plaintiff will offer for the Court's approval an *Ad Interim* Stipulation and security for the value of the M/V ST. BARTHOLOMEW in the sum of $4,000,000.00 United States Dollars and the value of the pending freight in the sum of $33,450.00 United States Dollars, said sum being equal to the aggregate value of Limitation Plaintiff's interest in the M/V ST. BARTHOLOMEW and its costs in the sum of $250.00 United States Dollars.

17. Limitation Plaintiff has not received written notice of a claim related to the Incident; therefore, this Complaint is timely filed.

18. At the time this Complaint was filed, the M/V ST. BARTHOLOMEW was within the jurisdictional boundaries of the United States District Court for the Western District of Kentucky and within this Division.

19. Limitation Plaintiff avers that there are no unsatisfied liens or claims of liens arising on the above-referenced voyage so far as is known.

WHEREFORE, Limitation Plaintiff prays:

A. That this Court enter an Order approving an A*d Interim* Stipulation to be filed by Limitation Plaintiff for the value of Limitation Plaintiff's interest in the M/V ST. BARTHOLOMEW in the amount of $4,000,000.00 United States Dollars, the value of the M/V ST. BARTHOLOMEW's pending freight then earned in the amount of $33,450.00 United States Dollars, and costs in the amount of $250.00 United States Dollars;

B. That this Court accept the A*d Interim* Stipulation and approve the security to be filed for the value of the M/V ST. BARTHOLOMEW, the value of the pending freight, and the court costs in the total amount of $4,033,700.00 United States Dollars plus interest at the rate of six percent (6%) per annum from the date of this Complaint;

C. That this Court issue an Order enjoining or restraining the commencement or prosecution of any and all actions, suits or legal proceedings of whatsoever kind, nature or character by any claimant against the Limitation Plaintiff, its officers, agents, servants, employees or affiliated companies, or against the M/V ST. BARTHOLOMEW itself, arising out of or attributable to the Incident;

D. That this Court admonish each and every claimant to appear and file his or her claim with the Clerk of this Court on or before a date to be fixed by this Court or be forever barred and permanently enjoined from making and filing such claims;

E. That this Court direct each and every claimant to answer the allegations contained in this Complaint;

  F. That this Court, after due hearing, determine that Limitation Plaintiff and/or the M/V ST. BARTHOLOMEW are not liable for any damage on any basis whatsoever in connection with the Incident; and

  G. That, in the alternative, should this Court determine that Limitation Plaintiff and/or the M/V ST. BARTHOLOMEW are liable to any person, firm, corporation or entity to any extent on any basis, which is denied, the Court then determine that Limitation Plaintiff is entitled to limit its liability to the value of its interest in the M/V ST. BARTHOLOMEW and that a judgment be entered discharging Limitation Plaintiff and the M/V ST. BARTHOLOMEW from any further liability arising from or growing out of or in connection with the Incident, and, for such other relief as the proof may show appropriate.

  RESPECTFULLY SUBMITTED, this the 11th day of August 2022.

        MILLER HAHN, PLLC

        By: /s/ Bobby R. Miller, Jr.
          Bobby R. Miller, Jr., Esq.
          2660 West Park Drive, Suite 2
          Paducah, KY 42001
          Telephone: (270) 554-0051
          Facsimile: (866) 578-2230
          Email: bmiller@millerlaw-firm.com

        Attorneys for Limitation Plaintiff, Marquette Transportation Company Gulf-Inland, LLC