# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

IN RE MARQUETTE TRANSPORTATION COMPANY, LLC, *as Owner and Operator of the M/V St. Bartholomew, for exoneration from or limitation of liability*

Case No. 5:22-cv-86-BJB-LLK

\* \* \* \* \*

## OPINION & ORDER
## LIFTING THE RESTRAINING ORDER AND
## STAYING THIS LIMITATION PROCEEDING

Marquette Transportation Company Gulf-Inland, LLC, filed a complaint seeking to limit its liability after a tow of barges being pushed by the M/V St. Bartholomew collided with a small recreational craft on the Tennessee River near Saltillo, Tennessee. Complaint (DN 1) at 2–3. Three passengers aboard the recreational craft died in the collision. The Court accepted Marquette's interim stipulations and restrained all other claims and proceedings arising from this incident. Order Approving *Ad Interim* Stipulation and Letter of Undertaking and Directing Issuance of Notice and Restraining Suits (DN 14).

In response, the administrators of three estates (that of Chase Wulfert, Cherie Denise Arnold, and Bryan Chayse Linton) filed claims against Marquette. DNs 19, 22, 24. Consistent with the "Savings to Suitors" Clause, the Claimants jointly moved to lift the restraining order so they could file lawsuits in the venue of their choice. Joint Motion to Lift Restraining Order (DN 37-1). This statutory provision, *see* 28 U.S.C. 1333(1), limits the "original jurisdiction … exclusive of the courts of the States" of the federal district courts in any admiralty or maritime case, by "saving to suitors … all other remedies to which they are otherwise entitled." ("Savings to Suitors Clause"). Courts have interpreted this to preserve a claimant's choice of forum to the extent doing so is consistent with the Limitation of Liability Act.

That Act, 46 U.S.C. 183(a), limits "the liability of the owner of a vessel" to "the amount or value of the interest of such owner in such vessel" if an injury or loss occurs "without the privity or knowledge" of the shipowner. In order to protect the limitation fund, the federal court conducts a proceeding called a concursus. In the concursus, "all competing claims must be litigated … to provide for a marshalling of assets and for a setting of priorities among claims where the asserted claims exceed the value of

the vessel and its freight." *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 642 (6th Cir. 1982). The purpose of the concursus "is not to prevent a multiplicity of suits but ... to provide a marshalling of assets—the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full." *Id.* (internal quotation marks omitted).

District courts have original jurisdiction over a shipowner's petition for limitation of liability, but "they have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001). This reconciles the claimants' choice of forum protected by the Savings to Suitors Clause with the shipowner's right to limitation guaranteed by the Limitation of Liability Act. *See generally* 28 U.S.C. 1333(1).

The federal court's discretion to dissolve an injunction and allow claimants to proceed in the court of their choice turns on whether "the vessel owner's right to seek limitation of liability is protected." *Lewis*, 531 U.S. at 455. "[T]here are two main exceptions" to the district court's exclusive jurisdiction when dissolution of the restraining order may be appropriate:

> The first exception applies when "the limitation fund exceeds the aggregate of all claims." *S & E Shipping Corp.*, 678 F.2d at 643. That's because, as the Supreme Court reasoned, "where the value of the vessel and the pending freight, the fund paid into the proceeding by the offending owner, exceeds the claims made against it, there is no necessity for the maintenance of the concursus." *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957). The second exception applies when "only one claim is made, regardless of its size in relation to the value of the limitation fund." *S & E Shipping Corp.*, 678 F.2d at 643. Under this situation, "a concursus is unnecessary because there are no additional claimants competing for portions of the limitation fund." *Id.*

*Matter of Whitetail Vessel Company, LLC*, 5:21-cv-129-TBR, 2022 WL 468803, at *2 (W.D. Ky. Feb. 14, 2022). When multiple claims in excess of the limitation fund are asserted, a "multiple claims-inadequate fund" situation arises. The Sixth Circuit, however, "has explained that a multiple claims-inadequate fund situation no longer exists, and a concursus is unnecessary, when the claimants enter priority stipulations," thereby obviating the need for the federal court to guard against over-recovery against the shipowner and disproportionate recovery among the claimants. *Id.* at *3 (citing *S & E Shipping Corp.*, 678 F.2d at 644).

In this case, the three Claimants assert claims that exceed the limitation fund. Typically, the Court would retain jurisdiction to hold a concursus to "provide a marshalling of assets" and "pro rata distribution" of funds if the shipowner is found

liable for an injury that occurred without privity or knowledge. But the Claimants have entered joint stipulations that eliminate the need for a concursus by agreeing that the Court has exclusive jurisdiction over all limitations issues in this case (including the value of the vessel), waiving res judicata and issue preclusion with respect to limitations issues reserved to this Court, agreeing that Claimants will not seek to enforce a judgment in excess of the limitation fund pending this Court's adjudication of limitations issues, and stipulating to the pro rata distribution of funds in the event they recover in excess of the limitation fund. *See* Amended Joint Stipulations (DN 50-1). This is consistent with other stipulations accepted by federal courts in similar circumstances. *See, e.g., Matter of Whitetail Vessel Company,* 2022 WL 468803, at *3. The Claimants also agreed to file their lawsuits in the same state court and to move to consolidate the actions to alleviate Marquette's concerns regarding inefficiency and inconsistent judgments. *See id*. at n.2.

Because the Claimants' joint stipulations eliminate the need for a concursus, the Court grants the joint motion to lift the restraining order (DN 37-1) and dissolves the restraining order so that the Claimants may file lawsuits in another appropriate venue. The Court stays the limitation proceedings pending the outcome of the state litigation. But in the meantime, the Court orders the parties to file a joint status report no later than every 120 days until resolution of the state proceedings.

Benjamin Beaton, District Judge
United States District Court

March 20, 2024